```
                                                          FILED
                                                   IN CLERK'S OFFICE
                                                US DISTRICT COURT E.D.N.Y.

UNITED STATES DISTRICT COURT                    ★  JUN 20 2019  ★
EASTERN DISTRICT OF NEW YORK

------------------------------------------------      BROOKLYN OFFICE
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JACOB BERGERON,

                Petitioner,        **MEMORANDUM & ORDER**
                                     19-CV-3249 (AMD)(LB)

      v.

Books A Million Purported Employee WILL, ID No.
12853, Books A Million Purported Employee
STEPHANIE, Books A Million Customer Service
MICA, and Books A Million Customer Service
REGINA,

                Respondents.

---

**ANN M. DONNELLY**, United States District Judge:

On May 20, 2019, the *pro se* plaintiff Jacob Bergeron, a resident of Georgia, filed a "Petition for the Writ of Habeas Corpus"[1] and a "Motion to Change Venue." (ECF Nos. 1 & 2.) He seeks the correction of a sales receipt from a singular $50.00 transaction at a retail store, Books A Million, located in Cherokee County, Georgia. (ECF No. 1.) According to the plaintiff, on an unspecified date, he returned merchandise at Books A Million for cash; on the receipt, a bookstore employee named "Will" wrote that the plaintiff's name was "John Doe," and that his phone number was "123456789." (*Id.* at 2–3.) The plaintiff spoke with the store's customer service and manager to correct this "invasion of privacy," but they could not help him. (*Id.*)

The plaintiff's complaint has no connection to this district. But even if it did, the Court has no authority to grant the relief the plaintiff requests in the complaint—to correct Books A

---

[1] Although the plaintiff styles his filing as a habeas corpus petition, the plaintiff is not held or detained. Because he proceeds *pro se*, I interpret his pleading as a civil complaint.

1

Million's database and the receipt to "change the name and number of the return to comply with the right to privacy." The motion for a change of venue is DENIED and the complaint is DISMISSED for failing to set forth a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); 28 U.S.C. §1915 (e)(2)(B)(i); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (An action "is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory.").

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to enter judgment and close this case.

**SO ORDERED**

s/Ann M. Donnelly
Ann M. Donnelly
United States District Judge

Dated: June 20, 2019
Brooklyn, New York